# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-8634 FMO (AGRx) | Date | December 13, 2019 |
| Title | Haitham Saeed v. Scott Wilkinson, et al. | | |

Present: The Honorable **Fernando M. Olguin, United States District Judge**

| Cheryl Wynn | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):
None Present  None Present

**Proceedings:** (In Chambers) Order to Show Cause Re: Consolidation of Actions

On October 7, 2019, plaintiff Haitham Saeed ("plaintiff Saeed") filed a shareholder derivative complaint on behalf of Inogen, Inc. ("Inogen") against various of Inogen's corporate officers (collectively, "defendants"). (See Haitham Saeed v. Scott Wilkinson, et al., Case No. CV 19-8634 FMO (AGRx) (C.D. Cal.) ("Saeed"), Dkt. 1, "Saeed Complaint" at ¶¶ 1, 31-78). Plaintiff Saeed alleges claims for violation of section 14(a) of the Exchange Act, breach of fiduciary duty, unjust enrichment, and waste of corporate assets. Plaintiff Saeed's claims arise from allegations that defendants misled investors about the reasons for Inogen's initial financial success, exaggerated the size of the market for the company's products as well as its growth potential, and failed to disclose material information about the company. (See Dkt 1, Saeed Complaint at ¶¶ 5-22).

Within weeks or months of the filing of plaintiff Saeed's complaint, several other Inogen shareholders filed derivative lawsuits against the company's corporate officers, alleging the same violations as plaintiff Saeed[1] and making similar factual allegations. (See, generally, Twana Brown v. Scott Wilkinson, et al., Case No. CV 19-5568 FMO (AGRx) (C.D. Cal.), Dkt. 1, "Brown Complaint"; Carole Butcher v. Scott Wilkinson, et al., Case No. CV 19-8685 FMO (AGRx) (C.D. Cal.), Dkt. 1, "Butcher Complaint"; John Mitchell v. Scott Wilkinson, et al., Case No. CV 19-9374 FMO (AGRx) (C.D. Cal.), Dkt. 1, "Mitchell Complaint").

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a)(2). The court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984). "A district court generally has

---

[1] Although plaintiff John Mitchell's factual allegations against defendants are substantively similar, his causes of action are slightly different. (See John Mitchell v. Scott Wilkinson, et al., Case No. CV 19-9374 FMO (AGRx) (C.D. Cal.), Dkt. 1, "Mitchell Complaint" at ¶¶ 140-62). Unlike the other three plaintiffs, plaintiff John Mitchell brought an insider trading claim and did not bring a claim for waste of corporate assets. (See id.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-8634 FMO (AGRx)** | Date | **December 13, 2019** |
|---|---|---|---|
| Title | **Haitham Saeed v. Scott Wilkinson, et al.** | | |

'broad' discretion to consolidate actions[.]" Pierce v. Cty. of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008). Accordingly, IT IS ORDERED that by no later than **December 20, 2019**, the parties shall file either a stipulation or response, not to exceed five pages, to show cause why the Saeed, Brown, Butcher, and Mitchell actions should not be consolidated.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | cw |